UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL H. PONDER, | Case No. 2:16-CV-2305 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| DR. HANS-PETER WILD, | |
| Defendant(s). | |

Presently before the court is plaintiff Michael Ponder's motion for leave to file an amended complaint. (ECF No. 28). Defendant Hans-Peter Wild filed a response (ECF No. 29), to which plaintiff replied (ECF No. 32).

Also before the court is plaintiff's motion to reopen the case. (ECF No. 26). Defendant filed a response (ECF No. 29), to which plaintiff replied (ECF No. 32).

**I.    Background**

This action arises out of an alleged oral agreement between plaintiff and defendant. Defendant, a resident of Switzerland, has or had an ownership or managerial interest in various corporations, including Wild Flavors, Inc. ("WFI"), Wild Affiliated Holdings, Inc. ("WAH"), and WILD Flavors GmbH (the "company"). (ECF No. 1 at 2).

In June 1998, plaintiff, a Nevada resident, joined WFI as the president and CEO, and reported directly to defendant. *Id.* In August 2005, WFI became a subsidiary of WAH, and plaintiff became president and CEO of WAH. *Id.* In 2010, plaintiff became CEO of the company, which is headquartered in Switzerland. *Id.*

Allegedly, during a dinner at defendant's house in Zug, Switzerland, defendant told plaintiff that plaintiff "needs to lead the effort to complete the sale of the [c]ompany, which

included WFI and WAH." *Id.* at 3. Plaintiff maintains that in return for his participation in the sale of the company, defendant promised "an additional $3 million over and above whatever compensation the management team received from the sale." *Id.*

Plaintiff claims that he led all of the management meetings, presentations, discussions with potential buyers, and was available for travel during the sale process. *Id.* at 4. Based on plaintiff's alleged performance, he had grown WFI "to more than $300 million in revenue and had an operating profit of more than 30%." *Id.* at 6. Plaintiff argues that at the time of the sale of the company in 2014, WFI was the company's "crown jewel," allowing him to demand the significant premium for the business that defendant required. *Id.*

In October 2014, after the sale of the company, plaintiff allegedly asked defendant who he should send the wiring instructions to for his $3 million payment. *Id.* Plaintiff maintains that defendant responded by claiming that the management payment after the sale was enough and that defendant was not going to pay plaintiff the allegedly agreed-upon $3 million sum. *Id.*

Plaintiff claims that in April 2016, defendant stated he would pay plaintiff $25,000 to handle a matter with the German government. *Id.* at 7. Defendant allegedly only paid plaintiff $10,000 because, as defendant stated, $10,000 was "enough." *Id.*

Plaintiff also claims to have provided bodyguard services to defendant for which he was never paid—estimated at $100,000 per year. *Id.* at 8. Plaintiff maintains that when he began requesting payment for his various services, defendant began "engaging in defamation of [plaintiff]'s character and work ethic."[1] *Id.*

This alleged defamation consisted of sending correspondence to "third-parties, including, but not limited to, [plaintiff]'s former employer" that consisted of false statements in an effort to "discredit" and "tarnish" plaintiff's reputation. *Id.*

Plaintiff also claims to have been removed as "director of a company" because he refused to join defendant's plan to cover up an attack of a female colleague. *Id.* at 9. Defendant allegedly never compensated plaintiff for his services as director of this company, estimated at $250,000 per year. *Id.*

---

[1] The defamation claims are the subject of the instant motions.

James C. Mahan
U.S. District Judge

- 2 -

On October 1, 2016, plaintiff filed the underlying complaint alleging (1) breach of oral contract, (2) breach of implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) fraudulent or intentional misrepresentation, (5) conversion, (6) defamation, and (7) punitive damages. (ECF No. 1).

On April 26, 2017, the court granted defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction. (ECF No. 24). Thereafter, plaintiff filed the instant motions. Plaintiff's proposed amended complaint, attached to his motion for leave to amend, contains three causes of action (1) defamation; (2) defamation per se; and (3) punitive damages). (ECF No. 28-1).

## II.  Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

## III.  Discussion

*a. Motion for leave to amend the complaint*

Plaintiff argues that the court should grant leave to amend his complaint because it "specifically plead[s] the facts needed to maintain a defamation claim." (ECF No. 28). Defendant responds that the allegations in the amended complaint fail to state a claim upon which relief can be granted and fail to support the exercise of personal jurisdiction. (ECF No. 29).

Here, the court agrees that plaintiff's proposed amendments are futile. First, plaintiff's complaint does not adequately plead a cause of action for defamation, as it fails to adequately plead the requirements of defamation in Nevada. Second, plaintiff's complaint does not demonstrate a *prima facie* case for the exercise of personal jurisdiction by a Nevada court.

In Nevada, a claim for defamation requires four elements: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).

A statement is defamatory when, "[u]nder any reasonable definition[,] such charges would tend to lower the subject in the estimation of the community and to excite derogatory opinions against him and to hold him up to contempt." *Las Vegas Sun v. Franklin*, 329 P.2d 867, 869 (Nev. 1958). "A defamatory statement is actionable only if it has been published." *M&R Investment Co. v. Mandarino*, 748 P.2d 488, 491 (Nev. 1987). "Publication . . . is the communication of the defamatory matter to some third person." *Jones v. Golden Spike Corp.*, 623 P.2d 970, 971 (Nev. 1981).

To properly plead defamation, "[a] plaintiff must plead [its elements] with factual specificity." *Persaud v. Universal Health Servs., Inc.*, Case No. 2:10-cv-02206-ECR, 2011 WL 1743852, at *4 (D. Nev. May 5, 2011). Pleading a defamation claim with factual specificity requires a plaintiff to identify what the alleged defamatory statements consisted of, who made the alleged defamatory statements, to whom the statements were made, and when the statements were made. *See Blank v. Hager*, 360 F. Supp.2d 1137, 1160 (D. Nev. 2005).

Here, plaintiff's complaint contains vague and conclusory allegations which do not satisfy the federal pleading requirements for stating a defamation claim under Nevada law. None of plaintiff's allegations regarding defamation (contained in paragraphs 29 to 40 of his complaint), describe a defamatory statement that was made, who it was made by, to whom it was made, *and* when the statement was made. Therefore, as plaintiff does not adequately plead a cause of action for defamation in his proposed amended complaint, *see Blank*, 360 F. Supp. 2d at 1160, amendment would be futile.

Further, the amended complaint does not clearly demonstrate a *prima facie* case of personal jurisdiction over defendant for the causes of action in the complaint. Almost all of the amended complaint is vague and/or conclusory. Two allegations within the amended complaint appear to

reference Nevada-related defamatory conduct indirectly (paragraphs 39 and 40).[2] However, neither allegation specifically references where the alleged slander took place. Further, all of the other allegedly defamatory conduct appears to have occurred outside the state of Nevada. Therefore, in addition to the concerns raised above regarding plaintiff's failure to state a claim, the complaint does not demonstrate a *prima facie* case supporting the exercise of personal jurisdiction in Nevada.

    b. *Motion to re-open the case*

At the core of plaintiff's motion to re-open the case is plaintiff's motion for leave to amend. As the court will deny plaintiff's leave to amend, the court will also deny plaintiff's motion to re-open the case.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave to file an amended complaint (ECF No. 28) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to re-open the case (ECF No. 26) be, and the same hereby is, DENIED.

DATED January 18, 2018.

                                    /s/ James C. Mahan
                                    UNITED STATES DISTRICT JUDGE

---

[2] Notably, these allegations were not in plaintiff's original complaint